UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO.   CR 05-231C |
| ) | |
| v. ) | |
| ) | |
| CHRISTOPHER HORLOCK, ) | DETENTION ORDER |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offenses charged:

    Count One:   Violent Crime in Aid of Racketeering; Kidnaping of S.S., in violation of Title 18, United States Code, Section 1959(a)(1);

    Count Three: Conspiracy to Tamper with Witnesses, in violation of Title 18, United States Code, Sections 1512(b)(3) and 1512(k).

Date of Detention Hearing:   August 24, 2005.

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  Additionally, the Court has considered the Government's Motion for Detention, the defendant's Response and Amended Response, and the Government's Reply in its determination for detention.  The

DETENTION ORDER
PAGE -1-

Government was represented by Ye-Ting Woo. The defendant was represented by Kent Schaffer and Jeffrey Kraedel.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

Under Title 18 § 3142 (g), the Court has considered the following factors:

1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
2) The weight of the evidence against the person;
3) The history and characteristics of the person, including:
   (a) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;
   (b) Whether the person was, at the time of the current offense or arrest, on probation, on parole, on other release pending trial, sentencing, appeal, or completion of sentence of an offense under Federal, State, or local law; and
4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The specific crime of Conspiracy to Tamper with Witnesses is alleged as having occurred during a telephone conversation between the defendant and co-defendant George Wegers. Both men are prominent in the organization known as the Bandidos Outlaw Motorcycle Organization ("Bandidos OMO"). In this conversation, it is alleged that Wegers told the defendant to "[t]ell others not to talk to the "feds' and to make sure anybody, everybody knows we're not talking to those people and not talking means not having any conversation with those people." It is alleged that the defendant agreed to

DETENTION ORDER
PAGE -2-

communicate this instruction to the other Bandidos OMO members.

At today's hearing, the Government advised that they have evidence of the defendant's telephone records showing calls he made to others within the national organization of the Bandidos OMO following this recorded conversation between co-defendant Wegers and the defendant. Moreover, the Government explained that the defendant served as National Secretary for the Bandidos OMO which was led by Wegers who served as National President.

The Government presented argument that, as part of the defendant's criminal history, two criminal offenses show that he poses a danger to the community. Both offenses, they urge, show that the defendant's past conduct - which includes a history of drug abuse of methamphetamine - poses such a risk that detention is warranted. First, pending charges of felony property destruction and two assaults occurred in South Dakota in August, 2004 just prior to the offenses charged in the instant case. The facts of the assaults and property destruction involve an assault with a baseball bat; first to the car parked in front of the defendant's driveway, and then against the driver and his father who stepped in to prevent further assault against the son. These charges resulted in the defendant's placement on court supervision.

Second, recent charges stemming from a search executed in connection with this investigation gave rise to State charges of possession of methamphetamine found in the defendant's bedroom shared with his wife - in their home shared with a 16 year-old daughter. It is argued that the charges show that the defendant continues to have illegal controlled substances (in smoking pipes/vials) in his home despite his ongoing court supervision.

Defense has urged the Court to follow the determination of the U.S. Magistrate Judge in Texas where the defendant first appeared following his arrest, arguing that the Texas court had the same facts of these pending criminal cases before it, and concerns

DETENTION ORDER
PAGE -3-

about the pending South Dakota charges which were weighed in the first hearing. Interestingly, the Texas court requires the Government to produce a witness, usually the Government's agent, if they are seeking detention. There, the Government did not produce a witness and therefore did not seek detention.

Given the nature of this offense and the need to protect the witnesses' identity, the Government urged that a mere requirement to have no contact with victims or witnesses in this case would not adequately protect the witnesses; nor would the restriction set by the Texas court that the defendant not to speak with known felons. The Government strongly asserted that the defendant's role as National Secretary heightens the need for detention rather than a mere no-contact provision, even one that includes all members of the Bandidos OMO. The defense indicated the defendant would abide by a no-contact provision, though it was not *his* preference. The Court agrees that the sheer size of the organization (approximately 90 chapters in the United States) and the fact that the Bandidos OMO are a closed society whose membership is unknown makes the no contact provision difficult, if not impossible to monitor. Given the context of the nature of the alleged conspiracy to intimidate witnesses and the weight of the evidence against the defendant, a simple promise not to have contact with members of the Bandidos OMO rings hollow.

The testimony of a witness to substantiate the Government's case as part of a detention hearing, apparently required in Texas, is not a recognized requirement in this jurisdiction or found in the law of this judicial circuit. The Government may rely upon its ability to urge detention before this court in light of the Bail Reform Act. The Court has no legal obligation to follow the rulings of the U.S. Magistrate Judge in Texas, inasmuch as the proceedings have been brought in this jurisdiction, a position to which the defense concurs.

After considering the foregoing, this Court determines that there is no

DETENTION ORDER
PAGE -4-

condition or combination of conditions that would reasonably assure that the defendant does not pose a danger to members of the public, largely due to the sophistication involved in the crime of racketeering and particularly the defendant's role as National Secretary, a role which carries with it great influence and access to members known and unknown.

**It is therefore ORDERED:**

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;
2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;
3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and
4. The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 30th day of August, 2005.

Monica J. Benton
United States Magistrate Judge