UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GEORGE WEGERS, et al.,

    Defendants.

CASE NO. CR05-0231C

ORDER

    This matter comes before the Court on the government's motion for leave to file late its response (Dkt. No. 490) to Defendant Christopher Horlock's motion to revoke a detention order. Having considered the government's motion in light of all the facts and circumstances in this case, and having found oral argument unnecessary, the Court finds and orders as follows.

    On September 20, 2005, Defendant Horlock filed a motion for revocation (Dkt. No. 445) of a detention order entered by Magistrate Judge Monica J. Benton on August 30, 2005 (Dkt. No. 307). Consistent with Local Rule CrR 12(c)(7), Horlock noted his motion for consideration on September 30, 2005. Under CrR 12(c)(3), therefore, the government's response to Horlock's motion was due to be filed no later than September 28, 2005. That date passed without incident, until the government filed the present motion for leave on October 5, 2005.

ORDER – 1

Rule CrR 12(c)(3) allows that the "time for service and filing of . . . materials in opposition to the motion may be extended by the court." This local rule must be considered in light of the requirements in Federal Rule of Criminal Procedure 45(b). Under that rule, the Court may only grant a motion to extend time for "good cause" shown; and because the government filed its motion for leave after its original response date, it must demonstrate that its error was the result of "excusable neglect." FED. R. CRIM. P. 45(b)(1), (b)(1)(B). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under [the Civil Rules] is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (internal quotations omitted); *see also id.* at 392 n.9 (noting that courts "generally have given a similar interpretation to 'excusable neglect' in the context of [Criminal Rule 45(b)]").

Here, the government argues that the volume of pretrial motions filed in this case—each with different noting dates—led it to mistakenly calendar Horlock's motion for October 7 rather than September 30. This is the first such calendaring error by the government of which the Court is aware in this admittedly large and complex case, during which many of the twenty-eight defendants have filed a variety of pretrial motions arising from a thirty-six count superseding indictment. Additionally, there does not appear to be any significant risk of prejudice to Defendant Horlock or the other defendants, nor any impact on the overall efficiency of these proceedings, resulting from the additional time requested by the government. Under these circumstances, the Court finds that the government has made the required showing of excusable neglect, and that good cause supports the government's motion. *See Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996) (noting that question of what constitutes excusable neglect "'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission'") (quoting *Pioneer*, 507 U.S. at 395)).

ORDER – 2

Accordingly, the Court GRANTS the government's motion for leave, and will permit the late filing of the government's response to Horlock's motion. The Court ORDERS that Defendant Horlock's motion be RENOTED for October 12, 2005. If Horlock wishes to file a reply to the government's response, he is DIRECTED to do so by October 12, 2005.

SO ORDERED this 6th day of October, 2005.

John C Coughenour

UNITED STATES DISTRICT JUDGE

ORDER – 3