UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE WEGERS, et al.,<br><br>Defendants. | CASE NO. CR05-0231C<br><br>ORDER |

This matter comes before the Court on Defendant Christopher Horlock's motion for release from detention pending sentencing. (Dkt. No. 972.) Having carefully considered the papers submitted by the parties, as well as the transcript of Defendant's original detention hearing and previously entered detention orders, and finding an additional evidentiary hearing unnecessary, the Court will DENY Defendant's motion for the following reasons.

The Court has described in detail the factual and procedural background of Defendant Christopher Horlock in a prior order. (*See* Dkt. No. 564.) Several months after that order was affirmed by the Ninth Circuit, Defendant pled guilty to participating in a conspiracy to tamper with witnesses in violation of 18 U.S.C. §§ 1512(b)(3) and 1512(k). (Dkt. No. 937.) This offense carries a maximum penalty of ten-years' imprisonment, three-years' supervised release, and additional fines and penalties. The plea agreement recites the parties' agreement "that the appropriate sentence to be imposed by the

ORDER – 1

Court is imprisonment for time served in custody *as of the date of sentencing*, and a period of supervised release for between two and three years." (*Id.* ¶ 6 (emphasis added).) The Court has accepted Defendant's plea and has scheduled his sentencing for June 16, 2006.

Following his conviction, it is Defendant's burden to present clear and convincing evidence that he is "not likely to flee or pose a danger to the safety of any other person or the community if released" pending sentencing. 18 U.S.C. § 3143(a)(1); *see also United States v. Koon*, 6 F.3d 561, 562–63 (9th Cir. 1993). Defendant correctly notes that the Court's prior detention order did not find that he was a flight risk, largely due to "Defendant's apparent ties to family, community, and businesses in South Dakota." (Dkt. No. 564 at 5.) However, the Court did find that "no combination of conditions would ensure the safety of the community were Defendant to be released," based in part on the seriousness of the charged offense. (*Id.*)

Defendant has pled guilty to a serious criminal conspiracy, and has presented no evidence supporting his contention that "no grounds exist" for his continued detention. (Mot. 2.) Moreover, his plea agreement expressly contemplates that the recommended sentence will encompass time served *up to and including* the date of sentencing. The Court will not upset the parties' bargain nor disregard its prior orders by releasing Defendant eight weeks before his sentencing.

For these reasons, Defendant Horlock's motion is hereby DENIED.

SO ORDERED this 26th day of April, 2006.

UNITED STATES DISTRICT JUDGE

ORDER – 2