UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER HORLOCK,<br><br>　　　　　Defendant. | CASE NO. CR05-0231C<br><br>ORDER |

　　　This matter comes before the Court on Defendant Christopher Horlock's motion under FEDERAL RULE OF CRIMINAL PROCEDURE 41(g) for the return of property. (Dkt. No. 1071.) Having considered the papers submitted by the parties in light of the complete record in this case, and finding an evidentiary hearing unnecessary, the Court will GRANT the motion IN PART for the following reasons.

　　　This motion arises from the government's seizure of fifty-eight miscellaneous items during the execution of a valid search warrant on Defendant's home on July 1, 2005. (Opp'n Ex. A.) Defendant was charged with one count of conspiracy to tamper with a witness, to which he pled guilty and has been sentenced. (Dkt. Nos. 937, 1063.) The Court's judgment includes conditions of supervised release that Defendant not possess firearms or ammunition and not associate with "co-defendants, witnesses, and felons." (Dkt. No. 1064 at 3–4.)

ORDER – 1

Under Rule 41(g), a defendant's motion for the return of legitimately seized property may be denied "if the defendant is not entitled to lawful possession of the seized property." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991).  However, Defendant "is presumed to have the right to the return of his property once it is no longer needed as evidence, and the burden of proof is on the government to show that it has a legitimate reason to retain the property." *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993).

The government includes in its opposition papers a police report detailing the seized items. (Opp'n Ex. A.)  Based on the parties' moving papers, the Court can discern three general categories of seized items: (1) items the government is willing to return immediately; (2) photos and documents relating to Defendant's membership in the Bandidos; (3) personal papers, such as bills, letters, and address books with no apparent connection to the Bandidos.[1]  The Court will address each of these three categories of items in turn.

First, the government does not object to the immediate return of two cell phones (Inventory Nos. 18, 41) and certain computer equipment (Nos. 31–36).  The list also describes a digital camera with peripheral equipment (No. 30) that the government is apparently not willing to return.  The government has made no showing that it has any basis for keeping this camera, alone among all other electronic equipment that it is otherwise willing to return.  The Court will therefore GRANT Defendant's motion as to each of the preceding items.

Second, the Bandidos "memorabilia" includes personal photos, clothing and patches, banners and flags, and paperwork, among other items.  (Inventory Nos. 1–5, 9–11, 15–16, 20, 23, 26–29, 37–40, 42, 53, 58.)  The government alleges that each of these items is or may become evidence in the remaining trial in this case, as well as other on-going investigations into criminal activities by the Bandidos.  The Court agrees that government is entitled to retain these items for use as evidence pending the plea or trial

---

[1] Defendant does not seek the return of his firearms and ammunition (Inventory Nos. 6–8, 43–49, 51, 54–57), drug-related paraphernalia (Inventory Nos. 13, 17, 50), or certain papers (No. 19).

ORDER – 2

of the one remaining defendant in this case. However, the government has not otherwise shown a compelling reason to deny the return of these items to Defendant. Nor is there anything in Defendant's conditions of release prohibiting him from possessing, wearing, or displaying these personal items. The Court will DENY Defendant's motion as to these items *without* prejudice.

Finally, the inventory describes personal items, such as storage disks, bills or address lists, that do not have any apparent connection to the Bandidos. (Inventory Nos. 12, 14, 21–22, 24–25, 52.) There is no apparent reason why the government cannot retain copies of this "documentary evidence" and return the originals to Defendant. The Court will GRANT Defendant's motion as to these items.

In sum, the Court GRANTS Defendant's motion IN PART, as to Inventory Numbers 12, 14, 18, 21–22, 24–25, 30–36, 41, and 52. The government is authorized to make such reproductions of these items as necessary to preserve evidence for the plea or trial of the remaining defendant in this case. The Court DENIES Defendant's motion IN PART and without prejudice as to Inventory Numbers 1–5, 9–11, 15–16, 20, 23, 26–29, 37–40, 42, 53, and 58. Defendant is free to renew his motion as to these items after the case against co-defendant Vincent Reeves has been concluded.[2]

SO ORDERED this 22nd day of August, 2006.

UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Defendant sought the return of Inventory Numbers 6–8, 13, 17, 19, 43–49, 50–51, and 54–57, his motion is DENIED with prejudice as to those items.

ORDER – 3